Mary Jo O'Neill, AZ Bar #005924
Sally C. Shanley, AZ Bar #012251
Richard Sexton, PA Bar #202584
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**
3300 N. Central Ave., Suite 690
Phoenix, Arizona  85012
Telephone: (602) 640-5003
Fax: (602) 640-5009
Email:  mary.oneill@eeoc.gov
         sally.shanley@eeoc.gov
         richard.sexton@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>           Plaintiff,<br><br>     vs.<br><br>Renaissance West, LLC, d/b/a Springdale West; Sunrise Mesa Health Care, Inc.,<br><br>           Defendants. | **CV**<br><br>**Complaint**<br><br>**(Jury Demand)** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, against Defendants Renaissance West, LLC, d/b/a Springdale-West and Sunrise Mesa Health Care, Inc., to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Robin Downer, and a class of female employees, who were adversely affected by such practices.  The Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Robin Downer, and a class of female employees, were subjected to unwelcome sexual advances, comments, and conduct by Defendants'

1

managers and/or employees, which created a hostile work environment because of their sex, female.  The Commission further alleges that Defendants had actual or constructive notice of the hostile work environment, and failed to adequately respond.  The Commission also alleges that Defendants retaliated against Robin Downer, and a class of female employees, by terminating them for opposing and/or complaining about the sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (f)(1) and(3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Renaissance West, LLC, d/b/a Springdale-West, a Delaware corporation ("Springdale-West"), has continuously been doing business in the State of Arizona, including Phoenix, Arizona and has at all relevant times had at least 15 employees.

5. At all relevant times, Sunrise Mesa Health Care Center, Inc., a Arizona corporation ("Sunrise Mesa"), has continuously been doing business in the State of Arizona, including Phoenix, Arizona and has at all relevant times had at least 15 employees.

6. At all relevant times, Defendants Springdale-West and Sunrise Mesa have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7. Springdale-West is the successor to Sunrise Mesa.

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Robin Downer filed a Charge of Discrimination with the Commission, alleging that the Defendants violated Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Charging Party, Robin Downer, and a class of similarly situated female employees were employed by Defendants Springdale-West and Sunrise Mesa.

10. Since at least June 2003, Defendants have engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. §§2000e-2(a). These practices include the harassment of Robin Downer and a class of female employees because of their sex, female, which created a hostile work environment. These practices include, but are not limited to:

   a. Comments of a sexual nature made to female employees on a regular basis by the Unit Coordinator/manager, including suggestions that Ms. Downer should have a few drinks and come into work so he could take advantage of her;

   b. Comments of a sexual nature made to female employees on a regular basis by the Unit Coordinator/manager, including suggestions that he and Ms. Downer should "get together;"

   c. Comments of a sexual nature made to female employees on a regular basis by the Unit Coordinator/manager, including asking Ms. Downer "when are we going to get a motel room and let your boss see beyond the uniform to see how good of a nurse you really are?;"

      d. Subjecting Robin Downer, and a class of female employees, to unwelcome physical touching of a sexual nature by the Unit Coordinator/manager;

      e. Subjecting Robin Downer, and a class of female employees, to unwelcome sexual advances and/or requests for sexual favors by the Unit Coordinator/manager on a regular basis;

      f. Subjecting Robin Downer, and a class of female employees, to tangible employment actions including but not limited to, the Unit Coordinator/manager explicitly or implicitly conditioning a job, a job benefit, or the removal of a job detriment, upon the female employees' submission to the sexual advances and/or request for sexual favors. The tangible employment actions include, but are not limited to, termination and discipline.

      g. The Unit Coordinator/manager showing pornographic pictures and cartoons to female employees, on a regular basis, while at the workplace;

11. Since at least October 2005, Defendants have engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. §§2000e-2(a) when Defendants retaliated against Robin Downer and a class of female employees, for opposing and/or complaining about sexual harassment. The retaliation included, but was not limited to, the discipline and termination of Robin Downer.

12. Defendants knew or should have known about the hostile work environment and failed to respond in an appropriate manner.

13. The effect of the practices complained of in paragraphs 10 through 12 above has been to deprive Robin Downer and a class of female employees of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex, female.

14. The unlawful employment practices complained of in paragraphs 10 through 12 above were intentional.

15. The unlawful employment practices complained of in paragraphs 10 through 12 above were done with malice and/or with reckless indifference to the federally protected rights of Robin Downer and a class of female employees employed by Defendants.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in the harassment of employees because of sex and any other employment practice which discriminates against any individual on the basis of sex.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees regardless of sex and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to make whole Robin Downer, and a class of female employees, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement.

D. Order Defendants to make whole Robin Downer, and a class of female employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10 through 12 above, in amounts to be determined at trial.

E. Order Defendants to make whole Robin Downer, and a class of female employees, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 10 through 12 above, including

1  but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of
2  enjoyment of life, injury to professional standing, injury to character or reputation,
3  anxiety, and humiliation, in amounts to be determined at trial.
4      F.   Order Defendants to pay Robin Downer, and a class of female employees,
5  punitive damages for its malicious conduct and/or reckless indifference described in
6  paragraphs 10 through 12 above, in amounts to be determined at trial.
7      G.   Grant such further relief as the Court deems necessary and proper in the
8  public interest.
9      H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this complaint.

RESPECTFULLY SUBMITTED this 29th day of September, 2011.

P. DAVID LOPEZ
General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION Salt
131 M Street NE, 5TH Floor
Washington, D.C. 20507-0004

MARY JO O'NEILL
Regional Attorney

SALLY C. SHANLEY
Supervisory Trial Attorney

/s/ *Richard Sexton*
RICHARD SEXTON
Trial Attorney

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
3300 N. Central Ave., Suite 690
Phoenix, Arizona  85012
(602) 640-5003

Attorneys for Plaintiff